DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty, Suite 600
Reno, Nevada 89501
775-784-5438

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:04-cr-308-RCJ-LRL |
| ) | |
| RANDY VALMER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT STIPULATION FOR A SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The United States of America, by Assistant United States Attorney Elizabeth O. White, and Defendant Randy Valmer, by Assistant Federal Public Defender Nisha Brooks-Whittington, submit the following Joint Stipulation for Discretionary Relief pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree and stipulate to the following:

1

A. **Material Facts in Support of Joint Stipulation**

Defendant was previously convicted and sentenced for offenses involving controlled substances.

On January 9, 2006, this Court sentenced Defendant to 240 months' imprisonment for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; and six counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). This Court previously found: (a) that Defendant's total offense level was 34; (2) that Defendant's criminal history category was V; and (c) that the guidelines sentencing range was 235-293 months' imprisonment. This Court imposed sentence slightly higher than the low end of the advisory guidelines range.

Following imposition of sentence, the U.S. Sentencing Commission promulgated Amendment 782, which took effect on November 1, 2014. Amendment 782 (a) reduces the guidelines offense levels across all drug types, and (b) with certain limitations, applies retroactively to defendants sentenced prior to November 1, 2014.

Defendant seeks a discretionary reduction in sentence pursuant to Amendment 782, and in accordance with 18 U.S.C. § 3582(c)(2) which

1  (among other things) provides that, in certain circumstances, a sentencing

2  court "may reduce the term of imprisonment." Pursuant to Amendment

3  788, sentencing reductions under Amendment 782 may not result in a

4  defendant's release from BOP custody prior to November 1, 2015.

5  **B.**   **Terms of Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

6  Defendant is eligible for a discretionary reduction to the guideline

7  imprisonment range, and the parties agree that a reduction is appropriate.

8  Pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782: (a)

9  Defendant's revised total offense level is 32; (b) Defendant's criminal

10 history category remains V; and (c), the revised advisory guidelines

11 sentence is 188-235 months' imprisonment. Based on the foregoing, the

12 parties jointly recommend that Defendant's sentence be reduced to 193

13 months' imprisonment, a sentence slightly higher than the low end of the

14 revised guidelines range. The parties understand and stipulate that, if this

15 reduced sentence would result in a release date prior to November 1, 2015,

16 then the defendant will be ordered released on November 1, 2015.

17 **C.**   **Waivers; Review and Consent of Defendant**

18 Defendant knowingly and voluntarily waives any right to appeal any

19 aspect of the revised sentence, *except that*, if the revised sentence exceeds

the recommended term of 193 months, or November 1, 2015, whichever is later, Defendant may appeal that aspect of the revised sentence. *See* Declaration, attached as Exhibit 1.

Defendant (a) waives any right he may have to a hearing on his motion under 18 U.S.C. § 3582(c)(2); (b) waives any right he may have to attend such a hearing; (c) has reviewed this stipulation with defense counsel; and (d) agrees with and consents to this stipulation. *See* Declaration, attached as Exhibit 1.

**D.     Acknowledgment of Reserved Rights**

Notwithstanding this Joint Stipulation, the United States expressly preserves and does not waive its contentions that a defendant seeking relief under 18 U.S.C. § 3582(c)(2) has no constitutional or statutory right to counsel, to a hearing on the motion, or to be present at any hearing on the motion.

**E.     Conclusion**

Based on the above, the parties respectfully request that the Court enter an order granting Defendant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reducing his sentence to 193 months'

imprisonment; with all other provisions of the judgment dated January 18, 2006, to remain in effect; and with an "effective date" of November 1, 2015.[1]

Respectfully submitted this 27th day of August, 2015.

| | | |
|---|---|---|
| RENE L. VALLADARES | | DANIEL G. BOGDEN |
| Federal Public Defender | | United States Attorney |
| By: *s/ Nisha Brooks-Whittington* | By: | *s/ Elizabeth O. White* |
| Nisha Brooks-Whittington | | Elizabeth O. White |
| Asst. Federal Public Defender | | Appellate Chief and |
| *Counsel for Defendant* | | Assistant United States Attorney |
| *Randy Valmer* | | |

IT IS SO ORDERED this 3rd day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The parties make this joint recommendation after having reviewed the Defendant's progress reports from the Bureau of Prisons, along with other relevant records. If the Court is inclined to deny the jointly recommended sentence reduction, the parties respectfully requests an opportunity to provide those records for the Court's review, and make additional argument in support of the joint stipulation.